In re OSTLING.
Patent Appeal No. 3236.

Court of Customs and Patent Appeals.
June 12, 1934.

Walter L. Pipes, of New York City (George F. Gourley, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 2, 3, 4, 7, 10, 11, and 13 to 17, inclusive, in appellant's application for a patent for an alleged invention relating to a process of making rubber footwear.

Claims 2 and 16 are illustrative. They read:

"2. A process of manufacturing footwear from rubber and fabric comprising, conducting a plurality of lasts in a predetermined path, simultaneously cutting sheets of rubber and of fabric into a multiplicity of variant pieces of predetermined shape and size, superposing some of said pieces together and forming sub-assemblies thereof, applying such cut pieces and sub-assemblies to said lasts in sequence, said cutting and applying operations being performed concurrently at a plurality of stations, whereby the forming of the constituent pieces of rubber and fabric and their building into substantially complete footwear may be carried on simultaneously and with minimized volume of pieces of rubber and fabric in process."

"16. The process of making rubber footwear which comprises moving a series of lasts in a predetermined path past a series of assembly stations, at or adjacent said stations cutting shoe parts including uppers and concurrently assembling those parts on the lasts, whereby the parts as cut do not become distorted before assembling."

The references are: McCrohan et al. (reissue), 16,384, July 13, 1926; Zonino, 1,825,-379, September 29, 1931; Glidden et al. (Br.), 314,249, June 27, 1929.

Appellant's process is described in the quoted claims. The essence of it, as stated by counsel for appellant, consists " * * * in a change in the method of supplying the parts to the operators to assemble on the conveyor. Instead of supplying parts in books, racks, etc., which requires a large amount of labor and the use of a large number of trucks and space necessary for moving them, *applicant provides, adjacent each operator who assembles a part, a machine for successively dieing out the individual parts directly as they are used by that operator.*" (Italics ours.)

The reissue patent to McCrohan et al. re-

lates to calendering, embossing, and cutting machines, adapted to form articles of sheet rubber, such as overshoes.

The patent to Zonino relates to a method of assembling rubber footwear elements "which may be superposed while in a substantially flat condition." The patentee's application and appellant's application were filed on the same date, and both the patent and the involved application are owned by a common assignee. Appellant referred in his specification to the Zonino application, and, with reference thereto, said:

" * * * The specific feature of assembling footwear elements on an extended or moving sheet of rubber forms no part of my invention and is disclosed in the co-pending application of Frederick Zonino, Serial No. ———, filed ——— ———, ———."

The British patent to Glidden et al. relates to a method and an apparatus for manufacturing footwear, particularly rubber shoes. As stated in the specification:

" * * * a flexible endless conveyor is provided to which a plurality of supports for lasts are connected, and mechanism is provided to impart to said conveyor a continuous movement, thereby carrying the lasts successively to a plurality of operators. The lining of the shoe is first placed upon a last and the different parts positioned upon the lining and the last and conveyed from one operator to another, successive operators attaching to the lining on the last the different parts which are embodied in the shoe which is being manufactured, all as hereinafter fully set forth."

It will be observed from what has been said that appellant's process may be differentiated from the prior art in that appellant provides "adjacent each operator who assembles a part, a machine for successively dieing out the individual parts directly as they are used by that operator."

It is claimed by counsel for appellant, and it is not denied by the Patent Office tribunals, that by so cutting and assembling the individual parts, shrinkage, distortion, and loss of tackiness of the parts is avoided, and that appellant's process saves time, labor, and floor space, and has many other advantages not present in the prior art.

The Patent Office tribunals concurred in holding that, in view of the references, it would be obvious to one skilled in the art, knowing of the disadvantages resulting in cutting a great quantity of parts in advance of the time of their assembly, to arrange the assembly stations and the machinery neces-

sary for cutting out such parts so that the operators could assemble them immediately after they were cut and ready for use. Some of the appealed claims were rejected for additional reasons.

Although counsel for appellant has insisted that the advantages obtained by appellant's new process are sufficient to warrant the granting of a patent, we are of opinion that the conclusion reached by the Patent Office tribunals is so obviously correct that further discussion of the issues is unnecessary.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.